IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEANDRE L. RODGERS,

                                                                           ORDER

           Plaintiff,

                                                                    12-cv-396-slc[1]

   v.

CAPTAIN SARA MASON, DAVID GARDNER,
CAPTAIN BROWN, WARDEN TIM HAINES,
SECURITY DIRECTOR J. SWEENEY,
LIEUTENANT DAVE ESSER, SERGEANT ROBERTS,
SERGEANT HENNESMAN, LIEUTENANT CRAIG TOM,
CO. T. BROWN, CO. SHAWN GALLINGER,
CO. KEITH WIEGEL and SERGEANT SHERMAN,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary relief, plaintiff Deandre Rodgers, an inmate at the Columbia Correctional Institution, contends that he was deprived of food while he was incarcerated at the Wisconsin Secure Program Facility, in violation of his rights under the Eighth Amendment. Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has no means with which to make an initial partial payment.

Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over this case.

defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

After reviewing plaintiff's allegations, I conclude that he has failed to state a claim under the Eighth Amendment. Therefore, I am dismissing his complaint and directing the clerk of court to close this case.

In plaintiff's complaint, he alleges the following facts.

ALLEGATIONS OF FACT

On December 6, 2011, plaintiff Deandre Rodgers was being held on control status at the Wisconsin Secure Program Facility. Defendant T. Brown, a correctional officer, refused to give plaintiff a dinner meal because plaintiff's cell had feces smeared all over the walls. Defendants Sergeant Roberts, Captain Brown and Lieutenant Esser had told Brown that it was okay to deny plaintiff his dinner meal until he cleaned up the feces. However, plaintiff had no cleaning supplies and could not clean his cell.

On December 7, plaintiff was denied his breakfast, lunch and dinner meals because of the feces in his cell. Defendants Sergeant Roberts, Captain Brown, Lietenant Esser, Captain Mason, Lieutenant Tom, Keith Wiegel, Shawn Gallinger, Sergeant Hennesman and Sergeant Sherman were involved in the decision to deny plaintiff his meals. At no time did any defendant provide cleaning supplies to plaintiff with which he could have cleaned his cell. Plaintiff suffered from stomach pain, headaches and weakness from not eating.

DISCUSSION

Plaintiff contends that defendants violated his Eighth Amendment rights by denying him food without providing any way for him to clean the feces from his cell. The Eighth Amendment requires the government to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). "[I]n some circumstances an inmate's claim that he was denied food may" be sufficient to state a claim under the Eighth Amendment. Reed v. McBride, 178 F.3d 849, 853 (7th Cir. 1999).

Plaintiff's Eighth Amendment claim has two parts. First, he must allege facts suggesting that being denied food caused him a substantial risk of serious harm. Id. Second, he must allege facts suggesting that defendants acted with deliberate indifference toward the substantial risk of harm. Id. at 854. Prison officials are deliberately indifferent if they "know of and disregard an excessive risk to inmate health or safety." Dale v. Poston, 548 F.3d 563, 569 (7th Cir. 2008) (citation omitted).

Plaintiff's claim does not satisfy either part of an Eighth Amendment claim. Plaintiff alleges only that he was denied four meals over two days and that he had a headache, stomach pain and "weakness." He does not allege that missing the four meals caused him any serious medical problem related to weight loss or otherwise. Thus, he cannot establish a constitutional violation because he has not shown that missing his meals caused him harm or put him at risk for serious harm. Freeman v. Berge, 441 F.3d 543, 547 (7th Cir. 2006)

3

(concluding that 45-pound weight loss caused by missing meals did not support Eighth Amendment claim without evidence of serious suffering or lasting harm). Cf. Smith v. Carpenter, 316 F.3d 178, 187 (2d Cir. 2003) (upholding jury's finding that missing one week of HIV medication did not cause serious injury).

Moreover, plaintiff's allegations do not suggest that any defendant knew that plaintiff might suffer serious injury or pain from missing a few meals. He does not allege that he told any defendant that he was at risk of serious harm or that any defendant was in a position to know that denying plaintiff four meals in two days would cause him serious harm. Zentmyer v. Kendall County, 220 F.3d 805, 811-12 (7th Cir. 2000) (concluding that failure of several deputies to provide plaintiff medication consistently on schedule was not constitutional violation without showing that deputies knew plaintiff "might suffer serious injury or pain from the missing doses of medication"). Accordingly, plaintiff has failed to state a claim for violation of his Eighth Amendment rights.

ORDER

IT IS ORDERED that

1. Plaintiff Deandre Rodgers's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

2. A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

3. Plaintiff is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a

letter to the warden of plaintiff's institution informing the warden of the obligation to deduct payments from plaintiff's trust fund account until the filing fee has been paid in full.

    4.  The clerk of court is directed to enter judgment in favor of defendants and close this case.

    Entered this 14th day of June, 2012.

                                BY THE COURT:
                                /s/
                                BARBARA B. CRABB
                                District Judge